# In the United States Court of Federal Claims

No. 22-225C

(Filed: January 3, 2023)

**NOT FOR PUBLICATION**

```
**************************************
FAREED SEPEHRY-FARD,                  *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
**************************************
```

## ORDER

This Court dismissed Plaintiff's complaint for lack of jurisdiction on November 30, 2022, and entered judgment the next day. *See* Order (ECF 22); Judgment (ECF 23). On December 19, 2022, Plaintiff submitted a document captioned as a motion to stay the case or, in the alternative, to vacate the Court's dismissal order and set a schedule for Plaintiff to amend his complaint. The document shall be **FILED** by my leave and deemed served on the Defendant as of this date.

Plaintiff requests that the motion be filed under seal because it references medical information. Leave to file under seal is **GRANTED**. Plaintiff is **ORDERED** to file a redacted version that obscures the nature of Plaintiff's claimed diagnosis in Exhibit A no later than **February 2, 2023**. If Plaintiff fails to provide a redacted version complying precisely with this Order, the motion shall be unsealed.

The motion claims, in essence, that Plaintiff wishes to provide additional information establishing this Court's jurisdiction over his claims, but that he will be too unwell to do so for some time. He relies primarily on California state court rules and decisions that he says require extensions of time because of medical need. Those authorities do not govern in this Court. Plaintiff also argues that the Eighth Amendment of the Constitution requires an extension of time, but the Constitution's prohibition against cruel and unusual criminal punishment has no evident application to procedure in a civil case.

His motion could be construed as a post-judgment motion under RCFC 59 or RCFC 60. Plaintiff, however, has failed to provide any explanation of how he could amend his complaint to cure its jurisdictional defects, or what information might be forthcoming. If he had information establishing jurisdiction, he had the opportunity to present it in his original complaint, in his opposition to the government's motion

to dismiss, or in a motion to amend his complaint before this Court entered judgment. To the extent Plaintiff claims that his medical condition prevents him from providing additional material now, Plaintiff fails to provide actual evidence of his condition, only hearsay. *See* RCFC 59(c) ("When a motion for a new trial or for reconsideration is based on affidavits, they must be filed with the motion."). At any rate, if Plaintiff is capable of preparing the motion, he is presumably capable of previewing what else he would like to say.

In the absence of any justification for relief from the judgment, the motion is **DENIED**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge